**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. BLACKBURN, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:20-cv-00333-EPG<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED**<br><br>**ORDER FOR CLERK TO ASSIGN A DISTRICT JUDGE**<br><br>**(ECF No. 12)** |

　　　　Plaintiff Antoine Deshawn Barnes ("Plaintiff") is a prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 2, 2020, the Court filed a screening order, which found that Plaintiff stated certain claims, namely against Defendants Blackburn, Brooks and Hill for excessive force in violation of Plaintiff's Fourteenth Amendment rights and for conspiracy to violate Plaintiff's Fourteenth Amendment rights. (ECF No. 11). On June 8, 2020, Plaintiff moved for injunctive relief and sought monetary damages to eliminate qualified immunity. (ECF No. 12).

///

///

---

[1] It is not clear from the face of the complaint whether Plaintiff is a pretrial detainee or convicted prisoner. The motion for injunctive relief indicates he is a prisoner, at it references his being at Hanford County Jail because CDCR is closed for intake. The distinction is not relevant to this motion.

1

I.    **MOTION FOR INJUNCTIVE RELIEF**

    A.    **Legal Standards**

        1.    <u>Definition of Injunction</u>

"An injunction is a court order, 'directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion.' An order that does not encompass all of the branches of this definition does not normally qualify as an injunction." *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 864 (Bankr. C.D. Cal. 2008) (quoting and citing 16 Charles Alan Wright et al., *Federal Practice & Procedure* § 3922 (2d ed. 1996)); *accord Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995) ("The three fundamental characteristics of an injunction are that it is (1) 'directed to a party,' (2) 'enforceable by contempt,' and (3) 'designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion.'" (quoting 16 Charles Alan Wright et al., *Federal Practice & Procedure* § 3922 (1977)).

        2.    <u>General Standards for Receiving an Injunction</u>

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)).  "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

### 3. Injunction Seeking Monetary Relief

Typically, courts do not order injunctions in cases seeking monetary relief. "The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies." *In re Estate of Ferdinand Marcos, Human Rights Litig*., 25 F.3d 1467, 1477 (9th Cir. 1994). When a party requests monetary relief (a legal remedy), an injunction is typically improper.

There is an exception when "the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment. This holding is thus restricted to only extraordinary cases in which equitable relief is not sought." *Id*. at 1480.

**B.    Application to Plaintiff's Motion**

### 1. Injunction for Monetary Damages

Plaintiff moves for an injunction granting him monetary damages. (ECF No. 12 at 1) ("Per injunctive relief 'immediately' Petitioner seeks to be paid $600,000 in monetary, punitive damages in cash form . . . ."). Monetary damages are a form of legal remedy, so it is typically improper to grant such an injunction. Plaintiff has not established that the defendants will soon be insolvent or have engaged in a pattern of secreting or dissipating assets to avoid judgment. Therefore, the Court recommends denying the requested relief.

3

2.    Nationwide Injunction Concerning Qualified Immunity

Plaintiff also seeks "nationwide on illimating all 'qualified immunity' making all CCPOA unions, security guards, police officers, sheriffs, an CDCR correctional officers 'liable' for all civil suits . . . ." (ECF No. 12 at 1).

An injunction must be "(1) 'directed to a party,' (2) 'enforceable by contempt,' and (3) 'designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion.'" *Orange Cnty.*, 52 F.3d at 825-26.

Plaintiff's request is not directed to a party because the parties have no authority to grant qualified immunity. Qualified immunity is a legal doctrine enforced by courts, and defendants have no authority to provide or deny qualified immunity. Therefore, no court order could be directed to the parties, so an injunction is not possible.

As Plaintiff is *pro se*, the Court will read his motion liberally. *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000), *as amended* (Jan. 29, 2001) ("Pro se complaints and motions from prisoners are to be liberally construed."). It is possible that Plaintiff intended to move to prevent defendants from seeking qualified immunity. The Court addresses that possibility below.

## II. MOTION AGAINST QUALIFIED IMMUNITY

No defendant has been served in this action yet. And no defendant has invoked qualified immunity. Therefore, it is premature to move against any defendants' potential use of qualified immunity.

## III. FINDINGS, RECOMMENDATIONS AND ORDER

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief be DENIED without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **June 22, 2020**              /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE