**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Plaintiff,<br><br>v.<br><br>J. BLACKBURN, et al.,<br><br>Defendants. | CASE NO. 1:20-cv-00333-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S ACTION PROCEED AGAINST DEFENDANTS BLACKBURN, BROOKS AND HILL FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AND CONSPIRACY TO VIOLATE PLAINTIFF'S EIGHTH AMENDMENT RIGHTS AND DISMISSING ALL OTHER CLAIMS<br><br>(ECF No. 14)<br><br>TWENTY-ONE (21) DAY DEADLINE |

Plaintiff Antoine Deshawn Barnes ("Plaintiff") is a convict held in a county jail proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 4, 2020. On June 2, 2020, the Court issued a screening order and found that Plaintiff stated several claims but failed to state others. (ECF No. 11). On June 17, 2020, Plaintiff provided a notice to proceed on those claims and attached an amended complaint that referred to his previous complaint. (ECF No. 13).[1] That amended complaint is before the Court for screening.

---

[1] In its screening order, the Court advised Plaintiff not to do so:
    Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.
(ECF No. 11 at 11). But because the Court granted Plaintiff leave to amend, the Court will treat the amended complaint as the operative one in this case.

1

The Court has reviewed the complaint and finds that Plaintiff's complaint states cognizable claims against Defendants Blackburn, Brooks and Hill for excessive force in violation of Plaintiff's Eighth Amendment rights and for conspiracy to violate Plaintiff's Eighth Amendment rights. The Court recommends that these claims be allowed to proceed past the screening stage and that all other claims and defendants be dismissed, without prejudice to Plaintiff filing an appropriate petition for a writ of habeas corpus.

Plaintiff has twenty-one (21) days from the date of service of these findings and recommendations to file his objections.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

(9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's amended complaint alleges as follows:

On February 19, 2020, Defendant J. Blackburn, a deputy, applied metal handcuffs to Plaintiff so tightly that they completely cut off circulation. Then Defendants J. Blackburn, Sheriff Brooks and Sheriff Hill formed a "huddle wall" out of sight of the Pod A6 cameras. Defendant Blackburn twisted Plaintiff's left hand and wrist, causing wanton infliction, swelling and pain. Defendants Blackburn, Brooks and Hill physically assaulted Plaintiff from behind for not taking paper off in-cell light.

Plaintiff also alleges that he was not actively resisting but rather calmly sitting down on the lower bunk bed with both hands behind his back. It is not clear from the complaint whether he was doing so before, during, or after the assault. Plaintiff also alleges Defendant Blackburn is a white nationalist.

Plaintiff also alleges that he is being retaliated against by the watch commander of the sheriff's administration, which is deliberately denying Plaintiff his right to go home free with 33% proposition 57 credits because he is doing his prison sentence in Hanford County Jail, which is a contracted facility.

## III.    EVALUATION OF PLAINTIFF'S CLAIMS

### A.     Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

3

action at law, suit in equity, or other proper proceeding for redress....
42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

//

**B.     Excessive Force**

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not… use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

Plaintiff alleges that on February 19, 2020, Defendant Blackburn applied handcuffs to him so tightly that they cut off circulation. Then Defendants Blackburn, Brooks and Hill formed a huddle wall where Pod A6 cameras could not see while Defendant Blackburn twisted his left hand and wrist, causing swelling and pain. Reading his complaint liberally, Plaintiff alleges that he was not resisting arrest at the time but was sitting on his lower bunk bed in handcuffs. Plaintiff also alleges that the underlying cause of this beating was his placing a paper over his cell light. These allegations sufficiently state a claim against Defendants Blackburn, Brooks and Hill for excessive force in violation of the Eighth Amendment to proceed past the screening stage.

**C.     Conspiracy**

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001), and that an "actual

deprivation of his constitutional rights resulted from the alleged conspiracy," *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County*, *Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir.1989)). Additionally, Plaintiff must show that Defendants "conspired or acted jointly in concert and that some overt act [was] done in furtherance of the conspiracy." *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff alleges Defendants Blackburn, Brooks and Hill acted in conspiracy and formed a wall to prevent cameras from seeing the excessive force Defendant Blackburn applied to Plaintiff. Based on these allegations, Plaintiff has adequately pleaded a conspiracy claim against those three Defendants to proceed past the screening stage.

### D.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Watson v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). This standard also applies to pretrial detainees. *See, e.g.*, *Edmundson v. Flathead Cty. Sheriff Dep't*, 654 F. App'x 264 (9th Cir. 2016); *Williams v. Madrid*, 609 F. App'x 421 (9th Cir. 2015).

In his notice, Plaintiff claims he is being retaliated against by Kimberely Pederirio with respect to his Proposition 57 credits. He does not name Pederirio as a defendant. He also does not include any details to state a claim. Plaintiff does not allege that he engaged in any protected conduct, that his First Amendment rights were chilled, and that the action does not reasonably

advance a legitimate correctional goal. Accordingly, the Court finds that Plaintiff has not alleged sufficient facts to state a claim for retaliation in violation of the First Amendment. Rather, this appears to be an action more properly brought as a writ of habeas corpus.

### E. Writ of Habeas Corpus

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

Plaintiff's allegations concerning his Proposition 57 credits appear to challenge the duration of his confinement, for his notice states the retaliation concerning his Proposition 57 credits prevents him from going "home free with 33% Proposition 57 credits." Therefore, this challenge should proceed as a petition for a writ of habeas corpus, not as a § 1983 action.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's amended complaint and finds that it states cognizable claims against Defendants Blackburn, Brooks and Hill for excessive force in violation of the Eighth Amendment and conspiracy to violate Plaintiff's Eighth Amendment rights. The Court also finds that Plaintiff has failed to state any other cognizable claims.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims against Defendants Blackburn, Brooks and Hill for excessive force in violation of the Eighth Amendment and conspiracy to violate Plaintiff's Eighth Amendment rights; and
2. All other claims be dismissed, without prejudice to Plaintiff's right to file an appropriate petition for a writ of habeas corpus.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 8, 2020**__     /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE