**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BLACKBURN, et al.,<br><br>    Defendants. | No. 1:20-cv-00333-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF Nos. 17 & 18) |

Plaintiff, Antoine Deshawn Barnes ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed the complaint initiating this civil rights action on March 4, 2020. (ECF No. 1). These findings and recommendations concern two motions for temporary restraining orders that Plaintiff filed on July 29, 2020 and August 14, 2020. (ECF Nos. 17 and 18).

The Court notes that Plaintiff recently filed another motion for restraining order, which was denied after the Court's June 23, 2020 findings and recommendations, (ECF No. 15), were adopted by the District Judge, (ECF No. 19). For the following reasons, the Court recommends also denying the two motions before it.

"Ex parte temporary restraining orders . . . should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (citation omitted).

///

1    Additionally, as described in the Court's June 23, 2020 findings and recommendations, an
2    injunction must be directed to a party.  (ECF No. 15 at 4) ("An injunction must be '(1) directed to
3    a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the
4    substantive relief sought by a complaint in more than a preliminary fashion.'" (quoting *Orange*
5    *Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995)).

6    Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A), part of
7    the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is
8    narrowly drawn, extends no further than necessary to correct the violation of the Federal Right,
9    and is the least intrusive means necessary to correct the violation of the Federal Right."

10   In Plaintiff's July 29, 2020 motion for a temporary restraining order (ECF No. 17),
11   Plaintiff requests that "Deputy Travoto be 'fired' immediately" and "to take away all his firearm
12   licenses, [and] guard card[.]" This motion is not designed to preserve the status quo. Rather, it
13   seeks changes: firing Deputy Travoto. Therefore, the Court will treat the motion as a request for
14   an injunction.

15   Deputy Travoto is not a defendant in this case, nor is anyone who has apparent authority
16   over Deputy Travoto's job.  None of the Defendants appear to have any authority over Deputy
17   Travoto. For that reason, the Court will recommend denying Plaintiff's motion.

18   On August 14, 2020, Plaintiff filed another motion for a temporary restraining order.
19   (ECF No. 18). The requested relief in the August 14 motion was $600,000 cash and restraining
20   orders against Deputy Hill and Deputy J. Blackburn. In addition, "Petitioner demands President
21   Trump be summoned 'immediately' on personally walking into Hanford County Jail with
22   National Guards, to cell B6-85 on releasing Petitioner for my life is at 'grave danger.'"

23   As above, this is not a temporary restraining order; rather, it is a motion for an injunction.
24   *See Granny Goose Foods*, 415 U.S. at 439. Even as an injunction, this should be denied.
25   President Trump is not a defendant in this case and therefore, as described above, an injunction is
26   not properly directed toward him. And for the same reasons as discussed in the Court's June 23,
27   2020 findings and recommendations, monetary relief is inappropriate. (ECF No. 15 at 3)
28   ("Typically, courts do not order injunctions in cases seeking monetary relief. 'The basis of

injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies.' When a party requests monetary relief (a legal remedy), an injunction is typically improper." (quoting *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1477 (9th Cir. 1994))).

The Court notes that Plaintiff's previously denied motion for injunctive relief and motions for a temporary restraining order suffer from similar defects and much of their content was irrelevant or frivolous. The Court also notes that Plaintiff has filed multiple requests for injunctive relief or a restraining order in another case in this district, *Barnes v. Van Ness*, 1:20-cv-00625-NONE-EPG. The Court cautions Plaintiff against filing frivolous or excessive motions. Meritless motions may result in sanctions or an award of costs under the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 11(c), 16(f), 26(g), & 37.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motions for Temporary Restraining Orders (ECF Nos. 17 & 18) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 28, 2020**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE