UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTOINE DESHAWN BARNES, | Case No. 1:20-cv-00333-DAD-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS |
| v. | |
| J. BLACKBURN, et al., | |
| Defendants. | (ECF Nos. 32, 36, 39) |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Antoine Deshawn Barnes, is an inmate[1] proceeding *pro se* and *in forma pauperis*, filed the complaint initiating this civil rights action on March 4, 2020. (ECF No. 1). Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case.

**I.  BACKGROUND**

Plaintiff filed this lawsuit on March 4, 2020, against four persons (J. Blackburn, M. Martin, Hill, and Brooks) whom he identified as "sheriffs" at the Kings County Jail. (ECF No. 1). Plaintiff brought claims concerning excessive force, conspiracy, deliberate indifference to his serious medical needs, retaliation, denial of access to a prison grievance system, and citizen's

---

[1] It is not clear from the face of the complaint whether Plaintiff is a pretrial detainee or convicted prisoner. The motion for injunctive relief indicates he is a prisoner, as it references his being at Hanford County Jail because CDCR is closed for intake. Regardless, the distinction is not material here.

1

arrest. (ECF Nos. 1, 11). Generally, these claims stemmed from Plaintiff's allegations that Defendants used excessive force in trying to restrain him and the subsequent denial of medical care for his injuries. In screening the complaint, the Court concluded that Plaintiff stated cognizable claims against Defendants Blackburn, Brooks and Hill for excessive force and conspiracy but that Plaintiff "failed to state any other cognizable claims." (ECF No. 11, p. 11).

On June 13, 2020, Plaintiff filed his first amended complaint, this time naming only Blackburn, Brooks, and Hill as defendants in the caption. (ECF No. 13, p. 1). Plaintiff brought claims concerning excessive force, conspiracy, retaliation, and allegations implicating the writ of habeas corpus. (ECF Nos. 13, 16). In reviewing the first amended complaint, the Court concluded that Plaintiff stated cognizable claims against Defendants Blackburn, Brooks and Hill for excessive force and conspiracy but that Plaintiff "failed to state any other cognizable claims." (ECF No. 16, p. 7). After Plaintiff filed no objections within the period to do so, the District Court adopted the undersigned's findings and recommendations and dismissed Plaintiff's non-cognizable claims. (ECF No. 19). Thereafter, Defendants answered the complaint. (ECF No. 28).

After this Court had screened the initial complaint, but before Plaintiff filed his first amended complaint, Plaintiff moved for injunctive relief seeking to "immediately" be paid $600,000 in cash. (ECF No. 12). Additionally, Plaintiff sought "nationwide on illimating all 'qualified immunity' making all CCPOA unions, security guards, police officers, sheriffs, an CDCR correctional officers 'liable' for all civil suits." (*Id.* at 1). This Court issued findings and recommendations, recommending the denial of Plaintiff's motion for injunctive relief. (ECF No. 15). Plaintiff filed no objections, and the District Judge adopted the undersigned's findings and recommendations. (ECF No. 19).

Plaintiff also filed two motions for temporary restraining orders. (ECF Nos. 17, 18). The first motion sought the firing of a non-party referred to as "White Supremist Sheriff Trevoto" for allegedly retaliating against him for pursuing this case. (ECF No. 17, pp. 1-3). Plaintiff again sought the immediate award of $600,000 cash and asked the Court to take away the assets of unspecified corrections officers, including "taking [their] houses, cars, [and] boats." (*Id.* at 4).

The second motion alleged that Defendant Hill "set [him] up again" by "placing [him] in a

cement bubble with all doors closed to w[h]ere [he] can[']t see T.V." (ECF No. 18, p. 2). Plaintiff once again requested $600,000 cash and restraining orders against Deputy Hill and Deputy J. Blackburn. (*Id.*). In addition, Plaintiff "demand[ed] President Trump be summoned 'immediately' on personally walking into Hanford County Jail with National Guards, to cell B6-85 on releasing [him] for [his] life is at 'grave danger.'" (*Id.*).

This Court issued findings and recommendations, recommending the denial of Plaintiff's motions for temporary restraining order, noting that Plaintiff was in fact seeking injunctive relief, and his requests were not well taken. (ECF No. 21). Plaintiff filed no objections, and the District Court adopted the undersigned's findings and recommendations. (ECF No. 25).

## II. ORDERS FOR INITIAL DISCLOSURES AND SCHEDULING CONFERENCE STATEMENT

On January 6, 2021, the Court entered an order which, in relevant part, required the parties to exchange initial disclosures, identifying their witnesses and the documents supporting their claims and defenses. (*Id.*). The order also required the parties to file scheduling conference statements by March 31, 2021, which statements were to identify, among other things, the parties' claims and/or defenses, the location of potentially relevant documents, and the discovery that the party intends to take. (*Id.* at 3-4).

On March 29, 2021, Plaintiff filed a document titled "initial disclosures"; however, rather than identifying witnesses and documents, Plaintiff's filing again sought injunctive relief, such as requesting the FBI to investigate correction officers. (ECF No. 37, p. 2). It also attached Defendant's initial disclosures.

On February 16, 2021, the Court vacated the mandatory scheduling conference but retained the requirements for the parties to exchange initial disclosures and to file scheduling conference statements no later than March 31, 2021, noting that the Court would issue a scheduling order after reviewing the parties' statements. (ECF No. 36). On March 31, 2021, Defendants filed their initial scheduling conference statement. (ECF No. 38). Plaintiff did not file his statement by the deadline and never requested an extension of time to do so.

Accordingly, on April 20, 2021, the Court *sua sponte* ordered that Plaintiff be granted 21

3

additional days to file his scheduling conference statement. (ECF No. 39). Plaintiff was warned that his failure to file a scheduling conference statement within 21 days "may result in the dismissal of this action." (*Id.* at 2). The 21-day period for Plaintiff to file his scheduling conference statement has now passed without Plaintiff filing a statement or any request for extension of time to file one.[2]

### III. ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a scheduling conference statement as required by the Court's orders (*see* ECF Nos. 32, 36, 39) and otherwise prosecute this action is delaying the case. Specifically, the scheduling statement is an important document for the Court to use in making the schedule in this case. It also includes important information for the parties, such as "the location of potentially relevant documents," and "when the parties will be prepared to participate in a settlement conference." Plaintiff's failure to file his statement by the initial deadline of March 31, 2021, has delayed this Court's ability to issue a scheduling order for approximately two months. And without being able to issue a scheduling order, this case is stalled from progressing further with discovery and other case-related deadlines. Therefore, the second factor weighs in favor of dismissal.

---

[2] Plaintiff has not filed anything since March 29, 2021. (ECF No. 37).

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### IV. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated: **June 1, 2021**        /s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE